## S90A1625. DANIEL v. DOUGLAS COUNTY.
(401 SE2d 508)

HUNT, Justice.

The issue in this case is whether the trial court properly construed the contract between Daniel and Douglas County to be an installment sale, as to which the equitable remedy of specific performance would lie. The instrument is called a lease. It covered property owned by Daniel which Douglas County desired for a public park. Daniel contends it is a lease with an option to purchase. He contends the option was not exercised by the county within a reasonable time. Douglas County contends it is a sale in installments and the full purchase price was paid. Paragraphs 2, 3 and 4 of the contract provide as follows:

2.

This lease shall be for five (5) years commencing this date [December 12, 1980] and shall be construed as a lease with an option to purchase.

3.

The lease price each year shall be as follows:
December 15, 1980. . . .$15,225.00
December 15, 1981. . . .$11,928.00
December 15, 1982. . . .$11,275.00
December 15, 1983. . . .$10,623.00
December 15, 1984. . . .$ 9,971.00

### 4.

Upon the final payment of $9,971.00 being made to the Lessor on December 15, 1984, the Lessee shall have the option to purchase the property for $10.00 with all of the lease payments paid to date to be considered as payment in full for the purchase of the property. Upon payment by the Lessee to the Lessor of the above-described $10.00, the Lessor shall execute a Warranty Deed to the Lessee with said property being free and clear of all encumbrances and liens.

1. Recognizing that the cardinal rule of construction is to ascertain the intention of the parties, the trial court employed the statutory rules for the interpretation of contracts. It decided, and we believe correctly, that the provisions cited above rendered the contract ambiguous — that is, application of the rules of construction resulted in uncertainty as to which of two meanings represented the true intention of the parties.[1]

The trial court then permitted explanation of the ambiguity as provided by OCGA § 13-2-2 (1).[2] With the benefit of the undisputed evidence presented by the parties, the trial court resolved the ambiguity by construing the contract as an installment sale.[3] We agree with that construction.

2. Because the purchase price was paid in full, the trial court's grant of specific performance was proper. To deny relief to the county because of its failure to timely pay $10 to Daniel would amount to a

---

[1] A provision calling for the full payment of the purchase price before the exercise of an option to buy is certainly alien to most lease options and suggests an intent to sell, not lease.

[2] That section provides ". . . All the attendant and surrounding circumstances may be proved and, if there is an ambiguity, latent or patent, it may be explained. . . ."

[3] This evidence may be summarized as follows:
Mr. Daniel desired to sell this property to the county so that the county could establish a park. They agreed on a price of $52,500. For tax purposes, Mr. Daniel insisted on spreading the payments over several years. The county believed it was constitutionally prohibited from buying the property on installments (apparently because of the provisions of 1983 Const., Art. IX, Sec. V, Par. I, limiting county debt). The county suggested that the sale could be accomplished by referring to it as a lease option, with the sales price divided into five declining payments (reflecting reduction of interest as the principal balance was reduced) with $10 to be paid for the execution of the deed. Such an agreement was executed on December 12, 1980. In 1981, the land was removed from the ad valorem tax rolls and shown as property of Douglas County. Daniel treated the transaction as an installment sale for tax purposes. The county paid the entire purchase price and made no further payments after December 14, 1984, and Daniel sought no further payments. The county has continued to occupy the land and has greatly improved it. In 1987 the county forwarded a warranty deed and $10 to Daniel. Daniel refused to sign the deed and demanded return of the premises.

forfeiture against public policy.[4]
*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 1991 —
RECONSIDERATION DENIED MARCH 27, 1991.

*Arnall, Golden & Gregory, J. Randolph Evans,* for appellant.
*Edwards & McLeod, Robert B. Edwards, Hartley, Rowe & Fowler, Joseph H. Fowler,* for appellee.

---

[4] In this instance $10 equals .0002 of the total payments.